# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DONOVAN ETHERIDGE,
        Appellant,

    v.

DEPARTMENT OF THE ARMY,
        Agency.

DOCKET NUMBER
AT-1221-17-0769-W-1

DATE: July 21, 2023

# THIS ORDER IS NONPRECEDENTIAL[*]

Charity Gilchrist-Davis, Esquire, and Roderick T. Cooks, Esquire,
    Birmingham, Alabama, for the appellant.

Daniel Dougherty, Colorado Springs, Colorado, for the agency.

Kathryn R. Shelton, Redstone Arsenal, Alabama, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal as untimely filed. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REVERSE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2     The appellant held a General Engineer position with the agency's Army Space and Strategic Defense Command in Huntsville, Alabama. Initial Appeal File (IAF), Tab 1. On September 5, 2017, he filed the instant appeal, concerning what he characterized as a January 3, 2017 reassignment or removal. *Id.* at 3, 5. With his initial pleading, the appellant indicated that he previously had filed a grievance on April 20, 2017, followed by a June 15, 2017 whistleblowing complaint with the Office of Special Counsel (OSC), both about the same action. *Id.* at 4. The appellant did not submit any evidence of the grievance but did submit documentation of the OSC complaint. Namely, he presented a June 15, 2017 preliminary determination letter from OSC, along with OSC's June 30, 2017 close-out letter, which generally describes the appellant's allegations of whistleblower retaliation. IAF, Tab 2 at 2-8.

¶3     The administrative judge issued an acknowledgment order, construing the appellant's case as an IRA appeal. IAF, Tab 3. She separately issued a timeliness order, warning that the appellant's IRA appeal appeared to be untimely by 2 days. IAF, Tab 4. That order instructed the appellant to present argument and evidence concerning the timeliness of his IRA appeal. *Id.* at 3. After the appellant failed to respond within the time provided for doing so, the administrative judge issued an initial decision that dismissed the instant IRA appeal as untimely. IAF, Tab 8, Initial Decision. The appellant has filed a petition for review. Petition for Review (PFR) File, Tabs 1-2, 4. The agency has filed a response. PFR File, Tab 6.

¶4     Under 5 U.S.C. § 1214(a)(3)(A), once OSC closes its investigation into a complaint, an appellant may file an IRA appeal with the Board within 60 days. Under the Board's regulations implementing that statutory time limit, an IRA

appeal must be filed no later than 65 days after the date that OSC issues its close-out letter, or, if the letter is received more than 5 days after its issuance, within 60 days of the date of receipt. 5 C.F.R. § 1209.5(a)(1).

¶5     As the administrative judge correctly noted, the 65th day following OSC's closeout letter was September 3, 2017. IAF, Tab 2 at 2-4. However, the administrative judge failed to note that September 3, 2017, was a Sunday and that September 4, 2017, was Labor Day, a Federal holiday. Under these circumstances, the filing period for the appellant's IRA appeal included the first workday that followed, September 5, 2017. *See, e.g.*, *Pry v. Department of the Navy*, 59 M.S.P.R. 440, 442-43 (1993) (finding that the 65-day filing deadline for IRA appeals includes the next available business day if the deadline would otherwise fall on a Saturday, Sunday, or Federal holiday). Accordingly, we find that the appellant's September 5, 2017 IRA appeal was timely, and the appeal must be remanded for further adjudication.

¶6     On remand, the administrative judge should develop the record, as needed, regarding the appellant's election of remedies, jurisdiction, and, if necessary, the merits of his claim before issuing a remand initial decision.

## ORDER

¶7     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    /s/ for
_____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.